United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 16-16768-mdc
Patricia Stewart                                                          Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Virginia          Page 1 of 1          Date Rcvd: Oct 18, 2017
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 20, 2017.
db            Patricia Stewart,   427 N. Spring Garden Street,   Ambler, PA 19002-3437

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2017                               Signature:  /s/Joseph Speetjens

___

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 18, 2017 at the address(es) listed below:
              CAROL B. MCCULLOUGH    on behalf of Debtor Patricia  Stewart mcculloughheisenberg@gmail.com,
               G25217@notify.cincompass.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    HSBC Bank USA, National Association, as Trustee
               for the Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage
               Pass-Through Certificates Series 2007-OA1 ecfmail@mwc-law.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    HSBC Bank USA, National Association, as Trustee
               for the Holders olf the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage
               Pass-Through Certificates Series 2007-OA1 ecfmail@mwc-law.com
              JASON BRETT SCHWARTZ    on behalf of Creditor    Capital One N. A. jschwartz@mesterschwartz.com,
               jottinger@mesterschwartz.com
              MICHAEL D. VAGNONI    on behalf of Creditor    Montgomery County Tax Claim Bureau
               michael.vagnoni@obermayer.com,    michele.emory@obermayer.com;Lucille.acello@obermayer.com
              THOMAS I. PULEO    on behalf of Creditor    HSBC Bank USA, National Association, as Trustee for the
               Holders of the Deutsche Alt-A Securities, Inc. Mortgage Loan Trust, Mortgage Pass-Through
               Certificates Series 2007-OA1 tpuleo@kmllawgroup.com,    bkgroup@kmllawgroup.com
              United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                             TOTAL: 8

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Patricia Stewart, | : | |
| Debtor. | : | Bankruptcy No. 16-16768-MDC |

# O R D E R

**AND NOW**, Carol B. McCullough (the "Applicant"), counsel to Patricia Stewart (the "Debtor"), filed the Application for Compensation of Attorney's Fees (the "Application")[1] in which the Applicant requests the allowance of compensation in the amount of $3,500.00 and the reimbursement of expenses in the amount $0.00.

**AND**, the Applicant was paid $1,190.00 by the Debtor prior to the filing of the petition (the "Pre-Paid Amount").

**AND**, the Applicant certified that proper service has been made on all interested parties.

**AND**, the Applicant has filed a certification of no response.

**AND**, the Court of Appeals held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, the Court of Appeals has instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief." *Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 116 (3d Cir. 1976).

---

[1] Bankr. Docket No. 41.

**AND**, this case involves the representation of a below-median debtor, *see generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median); Official Form 22C (requiring less financial disclosure from below-median debtors).

**AND**, pursuant to L.B.R. 2016-2(a)(1), the court is authorized to allow counsel fees in chapter 13 cases involving below-median debtors of $3,000.00 based on a "short form application," that does not require an itemization of time.

**AND**, the Applicant elected to file the Application pursuant to L.B.R. 2016-2(a)(1), despite requesting compensation that exceeds the amount the court is authorized to allow in chapter 13 cases involving below-median debtors.

**AND**, the Applicant failed to file the Application in a form consistent with L.B.R. 2016-3.

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** and **DENIED IN PART**.

2. Compensation is allowed in favor of the Applicant in the total amount of $3,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $0.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331 & 503(b).

Dated: October 18, 2017

_____
**MAGDELINE D. COLEMAN**
UNITED STATES BANKRUPTCY JUDGE

Carol B. McCullough, Esquire
McCullough Eisenberg, LLC
65 W. Street Road, Suite A-204
Warminster, PA 18974

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

3